IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SANTOSH RAM**                                                                        **PLAINTIFF**

**V.**                               **CASE NO. 5:20-CV-05151**

**SCOTT LAY**                                                                         **DEFENDANT**

## OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his Complaint on August 20, 2020. (Doc. 1). The Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on the same date. (Doc. 3). An Amended Complaint was filed on September 21, 2020. (Doc. 9).

Plaintiff's attempts to state a claim against a private individual, Scott Lay, for "larceny/embezzlement/misuse of funds." (Doc. 9 at 4). Plaintiff states that Defendant Lay was a coworker prior to Plaintiff's arrest on March 8, 2013. According to Plaintiff, he granted Lay a power of attorney, and Lay misused Plaintiff's money for personal purposes without Plaintiff's consent.

### II.   LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief

1

may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

Plaintiff seeks to state a claim against Defendant Scott Lay, a private citizen, for "larceny/embezzlement/misuse of funds." Scott Lay is not subject to suit under § 1983. A § 1983 complaint must allege that the defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Lay is not a state actor.

Further, Plaintiff's allegations of theft of his personal property do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Since Plaintiff could seek redress in Arkansas state courts for his claim of stolen property, he has no claim pursuant to § 1983 in this regard.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE.** The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is therefore directed to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED** this 29th day of September, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE