**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**SANTOSH RAM**                                                                                                                                  **PLAINTIFF**

V.                                 **CASE NO. 5:20-CV-5151**

**SCOTT LAY**                                                                                                                                  **DEFENDANT**

<u>**OPINION AND ORDER**</u>

On November 11, 2022, this Court entered an Order adopting the Magistrate Judge's Report and Recommendation ("R&R") as to Defendant Scott Lay's motion for summary judgment. *See* Doc. 103. Neither party filed objections to the R&R (Doc. 98), and the Court adopted the Magistrate Judge's recommendations in full. There were multiple conversion claims made in the Second Amended Complaint (Doc. 14), but the only one of these to survive summary judgment concerned Mr. Lay's retention of certain personal/educational documents belonging to Plaintiff Santosh Ram. During summary judgment briefing, Mr. Lay disclosed that he possessed a suitcase of personal/educational documents belonging to Mr. Ram and was prepared to turn them over to him.

On January 24, 2023, the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, held a settlement conference with the parties. Mr. Ram is incarcerated at a federal penitentiary awaiting deportation, so the settlement conference took place via Zoom. At the start of the conference, Mr. Ram advised Magistrate Judge Ford that he did not receive the R&R on summary judgment, nor did he receive the Court's Order adopting the R&R. He therefore requested time to

file late objections to the R&R. Magistrate Judge Ford advised Mr. Ram that if he wished to request leave to file late objections to the R&R, he should do so immediately. The settlement conference was then concluded.

On February 3, the Court received Mr. Ram's written request for an extension of time to file late objections to the R&R. (Doc. 116). The Court granted the request the same day, *see* Doc. 118, and on February 6, Mr. Ram filed his objections, *see* Doc. 119. The Court has now reviewed the entire record *de novo* to resolve Mr. Ram's objections. *See* 28 U.S.C. § 636(b)(1).

## I.   OBJECTIONS

### A.   Conversion Claim:  Checking and Savings Accounts

Mr. Ram accuses Mr. Lay of converting money contained in Mr. Ram's checking and savings accounts, making personal charges using Mr. Ram's credit card, and converting Mr. Ram's personal/educational documents. The first objection to the R&R concerns the recommended dismissal of the conversion claim as to the checking and savings accounts. The following background facts are necessary to resolve this objection.

On March 8, 2013, Mr. Ram was arrested on federal criminal charges and incarcerated at the Washington County Detention Center. On April 4, he signed a comprehensive power of attorney (Doc. 72-1) in favor of his friend and coworker, Mr. Lay. The power of attorney gave Mr. Lay authority over Mr. Ram's personal property and bank accounts, and Mr. Ram admits he granted the power of attorney so that Mr. Lay could manage Mr. Ram's assets and pay Mr. Ram's private attorney's fees while

the criminal case was pending. Mr. Ram eventually pleaded guilty to knowing receipt of child pornography and was sentenced to 135 months in prison. As Mr. Ram was a citizen of India, the sentencing court contemplated that he would be deported after serving his prison term.

Sometime after Mr. Ram entered federal prison, Mr. Ram began contacting Mr. Lay about his personal assets. On August 20, 2020, Mr. Ram filed the instant civil lawsuit against Mr. Lay for conversion and intentional infliction of emotional distress, which is known as the tort of outrage in Arkansas. Following a period of discovery, Mr. Lay filed a motion for summary judgment (Doc. 72), and Magistrate Judge Ford recommended that nearly all the claims be dismissed, including the conversion claim regarding the checking and savings accounts.

The R&R (Doc. 98) notes that the Court issued a subpoena to Bank of America on Mr. Ram's behalf, requesting verification of the amounts contained in Mr. Ram's bank accounts in 2013 and 2014. Bank of America failed to respond to the subpoena. However, Mr. Ram represented to the Court in a financial affidavit filed under oath that he possessed $3,000 in his checking account and $7,000 in his savings account in the days before he was arrested on federal charges. *See United States v. Ram*, 5:13-CR-50045-001, Doc. 6. Mr. Ram also testified in a deposition that he incurred attorney's fees of at least $9,400 for work on his criminal case and that Mr. Lay paid the attorney's bill using the funds in Mr. Ram's bank accounts. Finally, Mr. Ram testified that Mr. Lay deposited between $400 and $600 in Mr. Ram's jail commissary account using Mr. Ram's bank accounts. Mr. Ram agrees that he directed Mr. Lay to close both bank

accounts after these payments were made. Therefore, there is no genuine, material dispute of fact that the funds in Mr. Ram's checking and savings accounts were exhausted just before they were closed.

There are also no facts in the summary judgment record that would support Mr. Ram's speculation that his former employer, Wal-Mart, may have deposited funds in his bank accounts sometime after his federal arrest for an "annual bonus and severance package." (Doc. 119, p. 2).

For all these reasons, the Court finds Mr. Ram's objection to the dismissal of the conversion claim as to the bank accounts is overruled. As such, the Court's Order (Doc. 103) dismissing this claim was appropriate and will not be disturbed.

### B.     Conversion Claim:  Credit Card Usage

Next, Mr. Ram objects to the dismissal of his second conversion claim, which alleges that Mr. Lay used Mr. Ram's credit card for personal gain. Mr. Ram agrees that the only activity on the card after his incarceration was for monthly, recurring charges paid to AT&T in the amount of $65.73. *See* Doc. 72-5. When confronted with this evidence, Mr. Ram speculates that perhaps Mr. Lay may have used the credit card to pay Mr. Lay's own AT&T bills. This claim is particularly specious in light of the fact that Mr. Ram admits he was a customer of AT&T at the time of his federal arrest and received monthly bills for services. *See* Doc. 72-3, p. 6.

It is Mr. Ram's burden "to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). He "must do more than simply show that

4

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In reviewing the evidence in the summary judgment record, the Court finds that Mr. Ram has failed to point to any proof that would create a jury issue on this particular conversion claim.  Accordingly, the claim was properly dismissed on summary judgment, and the objection is overruled.

### C.     Outrage and Punitive Damages

Mr. Ram's last objections point to Mr. Lay's admission that he did, in fact, exercise control and dominion over Mr. Ram's suitcase containing important documents, including copies of Mr. Ram's bachelor's and master's degrees.  Mr. Ram argues that Mr. Lay's blatant refusal to return the documents entitles Mr. Ram to a punitive damages instruction at trial and satisfies the elements of the tort of outrage under Arkansas law.

First of all, it is not at all clear that Mr. Ram would have been permitted to keep the suitcase of personal documents in federal prison even if Mr. Lay had attempted to return it.  Second, it is implausible that Mr. Ram's lack of access to these documents while in prison caused him to suffer any monetary or emotional harm.  Mr. Ram was incarcerated for approximately a decade, and no jury could find that his diplomas were necessary or even useful to possess while in prison.  Accordingly, the outrage and punitive damages claims were properly dismissed on summary judgment, and Mr. Ram's last objections are overruled.

## II.  CONCLUSION

As all objections to the R&R are **OVERRULED**, **IT IS ORDERED** that the Court's Order (Doc. 103) adopting the R&R (Doc. 98) and granting in part and denying in part Defendant's motion for summary judgment was correctly decided.  The Order, therefore, remains in effect.

The parties are advised that the Court intends to accelerate the date of the pretrial conference in order to explore possible ways to return Mr. Ram's documents to him while he is in ICE custody awaiting deportation.  It is not clear to the Court what matters remain for trial once these documents have been returned.

**IT IS SO ORDERED** on this 16th day of February, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE